IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEBORAH S KEAHL,

    Plaintiff,

v.                                                         CASE NO. 4:13-cv-662-MW-GRJ

DR. AARON APPIAH,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a sentence in the custody of the United States Bureau of Prisons (BOP), initiated this case by filing a *pro se* complaint on the Northern District of Florida's civil rights complaint form for prisoners in actions under 28 U.S.C. § 1331 or § 1346. (Doc. 1.) Plaintiff later filed a First Amended Complaint. (Doc. 8.) The case is presently before the Court on Defendant, United States of America's Motion to Dismiss. (Doc 17.) Plaintiff filed a response to the motion to dismiss (Doc. 20.), and therefore this matter is ripe for review. For the following reasons, the undersigned recommends that the motion to dismiss be **GRANTED**.

## BACKGROUND

Plaintiff's complaint stems from the BOP's alleged denial of care for an eye ailment she suffered. Plaintiff alleges that the BOP's delay in getting her treatment has resulted in permanent blindness in her right eye. Additionally, Plaintiff has named Dr. Aaron Appiah, her ophthalmologist, as a defendant based on his alleged negligence in treating her. Defendant moved to dismiss the action for failure to exhaust administrative remedies, as required by the Federal Tort Claims Act (FTCA).

On December 10, 2013, Plaintiff filed her initial civil rights complaint form against the Bureau of Prisons Health Administrator, the Bureau of Prisons, and Dr. Appiah, based on a series of events that began on December 11, 2011. (Doc. 1.) On April 22, 2014, Plaintiff filed her First Amended Complaint, substituting the United States as defendant, in place of the Bureau of Prisons. On February 18, 2014, Plaintiff filed a administrative tort claim with the Bureau of Prisons, based on the same series of events. (Doc 17-1 at 2.) The Bureau of Prisons acknowledged Plaintiff's claim on March 14, 2014, and her claim is still pending. (Doc 17-1 at 5.) The United States has moved to dismiss the complaint based on Plaintiff's premature filing of the complaint and her failure to exhaust administrative remedies.

## STANDARD OF REVIEW

The Eleventh Circuit has found that, although it is not specifically named, a motion concerning exhaustion of administrative remedies should be treated like a FRCP 12 (b) motion. *Bryant v. Rich,* 530 F.3d 1368, 1376 (11th Cir. 2008). "Where exhaustion—like jurisdiction, venue, and service of process—is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.* United States has provided a declaration of Lynneth Leslie, a Legal Instruments Examiner at the Southeast Regional Office of the Federal Bureau of Prisons, in support of its position that Plaintiff's administrative remedies have not been fully exhausted. The declaration outlines the time frame of Plaintiff's administrative claim, and the BOP's deadline for answering it, August 17, 2014. (Doc. 17-1, at 2.)

## DISCUSSION

The FTCA, 28 U.S.C. § 2874, allows the federal government to be found liable, in the same manner as a private individual, for certain tort claims. However, 28 U.S.C. § 2675(a) states that a person may not initiate a FTCA claim "unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified mail." An agency's failure to make a final disposition of a claim within six months of the filing date, is deemed a denial for these purposes. *Id.*

As the Declaration of Lynneth Leslie shows, and Plaintiff concedes, the complaint was filed prior to the final disposition of Plaintiff's administrative claim. Plaintiff also concedes that the court could dismiss her complaint without prejudice. (Doc. 20 at 1.) However, Plaintiff asks that "in the interest of judicial economy" the court consider a motion for abeyance, for a period of one month, in order to suspend her claim, allow for exhaustion to occur and continue her litigation in one action against all three defendants.[1]

In *McNeil v. United States*, 508 U.S. 106, 112 (1993) the Supreme Court made it clear that the language of U.S.C. § 2675 (a) is not flexible in this manner. In *McNeil,* the plaintiff argued that, although his complaint was also premature, the court should treat a denial of his administrative claim, after the complaint was filed, as the event instituting his action, as long as no substantial progress had been made in the litigation by the time the administrative remedies were exhausted. *Id.* The Court rejected this argument,

---

[1] Plaintiff also has a *Bivens* claim against Dr. Appiah. Dr. Appiah is not a federal employee, and the action against him is not subject to the Federal Tort Claims Act, or the exhaustion of administrative remedies requirement. This decision only concerns Plaintiff's claim against the United States.

finding that the statute required complete exhaustion of the remedies before court involvement. *Id.*

In view of the foregoing, and because Plaintiff has failed to exhaust all of her administrative remedies, it is respectfully **RECOMMENDED** that Defendant, United State's Motion to Dismiss for failure to exhaust administrative remedies (Doc. 17) should be **GRANTED**.

**IN CHAMBERS** in Gainesville, Florida, on August 6, 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**